

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-4250
Re: Liability of surety for cost
of executing warrant of arrest
where accused violates provi-
sions of bond.

And related questions.

Your request for our opinion upon the above stated question has been received by this department.

We quote from your letter as follows:

"The Grand Jury has indicted a person, he gives an appearance bond, skips his bond and has to be re-arrested and brought in for trial, according to the terms of the bond the bonds-men are responsible for all costs of re-arrest, etc. Does the Alias Capias apply to this cost? In the event the bondsmen prove to be irres-ponsible and the bond cannot be collected is this chargeble to the sheriff?"

Article 275, Code of Criminal Procedure, provides in part:

"A bail bond shall be sufficient if it contains the following requisities:

". . .

"2. That the obligors thereto bind them-selves that the defendant will appear before the proper court or magistrate to answer the accusation against him.

CANNOT BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

" . . . .

"5. That the bond state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. In stating the time, it is sufficient to specify the term of the court; and in stating the place, it is sufficient to specify the name of the court or magistrate, and the county.

"6. The bond shall also be conditioned that the principal and sureties will pay all necessary and reasonable expenses incurred by any and all sheriffs or other peace officers in re-arresting the principal in the event he fails to appear before the court or magistrate named in the bond at the time stated therein. The amount of such expense shall be in addition to the principal amount specified in the bond. The failure of any bail bond to contain the conditions specified in this paragraph shall in no manner affect the legality of any such bond, but it is intended that the sheriff or other peace officer shall look to the bondsmen of the accused for expenses incurred by him, and not to the State for any fees earned by him in connection with the re-arresting of an accused who has violated the conditions of his bond."

Article 424, Code of Criminal Procedure, provides:

"Whenever a defendant is bound by recognizance or bail bond to appear at any term of a court, and fails to appear on the day set apart for taking up the criminal docket, or any subsequent day when his case comes up for trial, a forfeiture of his recognizance or bail bond shall be taken."

Article 445, Code of Criminal Procedure, provides:

"Where a forfeiture is declared upon a recognizance or bail bond, a capias shall be immediately issued for the arrest of the defendant, and when arrested, he shall be required to enter into a new recognizance or

bail bond, unless the forfeiture taken has
been set aside under the third subdivision
of article 436, in which case the defendant
and his sureties shall remain bound under
his present recognizance or bail bond."

With reference to your first question, when an
accused fails to appear before the court or magistrate
named in the bond at the time stated therein he has vio-
lated the provisions of his bond and subjected it to for-
feiture. Article 445, supra, provides that a capias shall
be immediately issued for the arrest of the defendant where
a forfeiture is declared upon his bond.

Under the express provisions of Article 273, supra,
the defendant, having violated the provisions of his bond,
thereby making it necessary to have an alias capias issue
for his arrest, all necessary and reasonable expenses incur-
red by the sheriff or other peace officer in re-arresting
the defendant is chargeable against the sureties; therefore,
your first question is answered in the affirmative.

With reference to your second question, Article
287 of the Code of Criminal Procedure provides:

"In cases of felony, when the accused is in
custody of the sheriff or other peace officer,
and the court before which the prosecution is
pending is in session in the county where the
accused is in custody, the court shall fix the
amount of bail, if it is a bailable case; and
the sheriff, or other peace officer, unless it
be the police of a city, is authorized to take
a bail bond of the accused in the amount as
fixed by the court, to be approved by such
officer taking the same, and will thereupon
discharge the accused from custody. It shall
not be necessary for the defendant or his sure-
ties to appear in court."

Article 279 of the Code of Criminal Procedure reads
as follows:

"To test the sufficiency of the security offered to any recognizance or bail bond, unless the court or officer taking the same is fully satisfied as to its sufficiency, the following oath shall be made in writing and subscribed by the sureties: 'I, do swear that I am worth, in my own right, at least the sum (here insert the amount in which the surety is bound), after deducting from my property all that which is exempt by the Constitution and laws of the State from forced sale, and after the payment of all my debts of every description, whether individual or security debts, and after satisfying all incumbrances upon my property which are known to me; that I reside in . . . . . county, and have property in this State liable to execution worth said amount or more.'

"(Dated . . . . ., and attest by the judge of the court, clerk, magistrate or sheriff.)

"Such affidavit shall be filed with the papers of the proceedings."

Article 280 of the Code of Criminal Procedure provides:

"Such affidavit shall not be conclusive as to the sufficiency of the security; and, if the court or officer taking the recognizance or bail bond is not fully satisfied as to the sufficiency of the security offered, further evidence shall be required before approving the same."

The above statutory provisions with reference to the approval of a bail bond by the sheriff are simply directory. He must be satisfied with the sufficiency of the sureties offered. The solvency of sureties on a bond may be a question upon which reasonable minds might reach different

Honorable R. L. Shelton, Page 5

conclusions. If the sheriff, acting in good faith, determines for himself that the sureties are solvent he has executed the only discretionary power that he has and the approval of the bond is a ministerial function. The sheriff, having no discretionary power other than determining the sufficiency of the sureties with respect to solvency, if he acts in good faith and does not abuse his discretion, should not be held personally liable in a private suit for damages which resulted from an error in concluding that the sureties were solvent. See Doughty vs. State, 85 Tex. 1.

Trusting that the above satisfactorily disposes of your inquiries, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

D. Burle Daviss
Assistant

APPROVED APR 24, 1942

BBD:ff

